# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | | |
|---|---|---|
| **KARA MCCORMICK** | : | |
| 48 Evergreen Court | : | |
| Cincinnati, OH 45215 | : | **Case No.: 1:21-cv-538** |
| | : | |
| Plaintiff, | : | **Judge** |
| | : | |
| v. | : | |
| | : | **COMPLAINT** |
| **CBX ENTERPRISES, INC.,** | : | |
| **d/b/a EXPRESS EMPLOYMENT** | : | |
| **PROFESSIONALS** | : | |
| 4760 Cornell Road | : | **Jury Demand Endorsed Hereon** |
| Sharonville, OH 45241 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Kara McCormick ("Plaintiff") and proffers this Complaint for damages against Defendant CBX Enterprises, Inc., d/b/a Express Employment Professionals ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Ohio.

2. Defendant is a company doing business in the Southern District of Ohio.

3. At all times relevant herein, Plaintiff was an "employee" as that term is defined under the applicable federal and state law, including but not necessarily limited to 42 U.S.C. § 2000e and O.R.C. § 4112.01.

4. At all times relevant herein, Defendant was an "employer" as that term is defined under the applicable federal and state law, including but not necessarily limited to 42 U.S.C. § 2000e and O.R.C. § 4112.01.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 2000e(k) and O.R.C. § 4112.01 *et seq.*

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

7. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction codified at 28 U.S.C. § 1367.

8. This Court has jurisdiction over Plaintiff's claims under Title VII pursuant to 42 U.S.C. § 2000e-5 as Plaintiff has exhausted all administrative remedies and received the Right to Sue Letter.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there, and Defendant is doing substantial business in the Southern District of Ohio.

## FACTUAL BACKGROUND

10. Plaintiff began working for Defendant on or about July 27, 2019. Plaintiff was hired as a recruiting specialist. Plaintiff performed in her position well.

11. During Plaintiff's interview process, she made Defendant aware of her pregnancy. Plaintiff told Chuck Harris and Betsy Harris, Defendant's owners, about her intentions to take maternity leave.

12. Plaintiff worked until on or about October 19, 2019. At that time, she left for her six-week maternity leave.

13. To Plaintiff's knowledge, Defendant hired Jordan (l/n/u), a non-pregnant person, on or about October 19, 2019. Jordan continued working for Defendant through mid-February 2020.

14. Plaintiff was not eligible for maternity leave under the Family and Medical Leave Act ("FMLA"), however, Defendant's policies pursuant to its employee handbook allow for personal leave.

15. Per Defendant's personal leave policy, Plaintiff was to call Defendant after approximately six weeks into her leave to discuss her return to work.

16. Plaintiff contacted Ms. Harris on or about November 22, 2019, prior to Thanksgiving, to discuss the date in which she would return to work. Ms. Harris told Plaintiff Defendant would contact her for a meeting following the holiday.

17. After Thanksgiving, Plaintiff contacted Defendant several times regarding the meeting Ms. Harris mentioned, but Defendant did not respond to Plaintiff.

18. Plaintiff was expected to return to work on or about December 9, 2019.

19. Prior to Plaintiff's return to work date, Ms. Harris informed Plaintiff that there was not enough work to continue employing Plaintiff.

20. Defendant hired Jordan (l/n/u), a non-pregnant person, as Plaintiff's replacement while she was on maternity leave.

## COUNT I
**Pregnancy Discrimination – 42 U.S.C. § 2000e(k)**

21. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

22. Plaintiff is a female and, at the time of her employment with Defendant, was pregnant.

23. Plaintiff was qualified for her job and performed well in her position.

24. Despite Plaintiff's qualifications for her employment, Defendant did not return her to her original job or a similar position when her maternity leave ended.

25. Defendant terminated Plaintiff's employment following her maternity leave due to lack of business. However, Defendant replaced Plaintiff's position when she left for maternity leave with a nonpregnant person and continued to employ this person until February 2020.

26. Defendant discriminated against Plaintiff on the basis of pregnancy by not returning her to work following her maternity leave, and treated Plaintiff less favorably than similarly situated, nonpregnant employees.

27. Defendant, upon Plaintiff's knowledge, has returned similarly situated, nonpregnant employees back their original job or a similar position upon taking leave.

28. Defendant did not provide any legitimate, nondiscriminatory, non-pretextual justification for the differences in treatment between Plaintiff and nonpregnant employees.

29. Defendant's personal leave policy treated Plaintiff, as a pregnant woman, less favorable than it treated nonpregnant employees similar in their ability or inability to work.

### COUNT 2
**Pregnancy Discrimination – O.R.C. § 4112.02 *et seq.***

30. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

31. Plaintiff is a female and, at the time of her employment with Defendant, was pregnant.

32. Plaintiff was qualified for her job and performed well in her position.

33. Despite Plaintiff's qualifications for her employment, Defendant did not return her to her original job or a similar position when her maternity leave ended.

34. Defendant terminated Plaintiff's employment following her maternity leave due to lack of business. However, Defendant replaced Plaintiff's position when she left for maternity leave with a nonpregnant person and continued to employ this person until February 2020.

35. Defendant discriminated against Plaintiff on the basis of pregnancy by not returning her to work following her maternity leave, and treated Plaintiff less favorably than similarly situated, nonpregnant employees.

36. Defendant, upon Plaintiff's knowledge, has returned similarly situated, nonpregnant employees back their original job or a similar position upon taking leave.

37. Defendant did not provide any legitimate, nondiscriminatory, non-pretextual justification for the differences in treatment between Plaintiff and nonpregnant employees.

38. Defendant's personal leave policy treated Plaintiff, as a pregnant woman, less favorable than it treated nonpregnant employees similar in their ability or inability to work.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including backpay and benefits, statutory liquidated damages, expert witness fees and attorney's fees and costs, front pay, compensatory damages in an amount to be determined at trial, but in any event not less than $75,000.00, and any and all other relief which the Court deems just and appropriate.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
brad@gibsonemploymentlaw.com
Ph: (513) 834-8254

*Counsel for Plaintiff*

## JURY DEMAND

    Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)