UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KARA MCCORMICK, | ) |
| Plaintiff, | ) Case No. 1:21-cv-00538 |
| vs. | ) Judge Michael R. Barrett |
| CBX ENTERPRISES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Defendant, CBX Enterprises Inc.'s, Motion to Dismiss (Doc. 5), which Plaintiff opposes (Doc. 7). Defendant did not file a reply brief as allowed under the local rules. *See* S.D. Ohio Civ. R. 7.2(a)(2). As explained below, Defendant's Motion will be DENIED.

**I.    BACKGROUND**

Plaintiff Kara McCormick was hired as a recruiting specialist by Defendant CBX Enterprises, Inc. on July 27, 2019. (Complaint, Doc. 1 (¶ 10)). During the interview process, Plaintiff told Defendant's owners, Chuck and Betsy Harris, that she was pregnant and intended to take a maternity leave. (*Id.* (¶ 11)). Plaintiff took leave beginning on October 19, 2019 pursuant to the "Personal Leave" policy set forth in Defendant's Employee Handbook. (*Id.* (¶¶ 12, 14)). Defendant hired a non-pregnant person to replace Plaintiff. (*Id.* (¶¶ 13, 20)).

Plaintiff planned to return to work on December 9, 2019 and, in compliance with the "Personal Leave" policy, contacted Ms. Harris several times to confirm this date.

1

(*Id.* (¶¶ 15–18)).  Ms. Harris ignored these communications.  (*See id.* (¶ 17)).  Eventually, though, at some point prior to December 9, 2019, Ms. Harris informed Plaintiff that she was terminated "due to lack of business."  (*See id.* (¶¶ 19, 25)).  Plaintiff's non-pregnant replacement, however, was not terminated until mid-February 2020.  (*See id.* (¶ 13, 20)).

Plaintiff brings this civil action alleging pregnancy discrimination in violation of federal (Title VII) and state law (Chapter 4112 of the Ohio Revised Code).[1]  Defendant moves to dismiss both claims under Fed. R. Civ. P. 12(b)(6).

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6) standard

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. Civ. P. 12(b)(6).  To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face."  *Id.* at 570 (emphasis added).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise." 42 U.S.C. § 2000e(k).  Generally, federal and state pregnancy discrimination claims are evaluated under the same substantive standards.  *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (citations omitted).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

A court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014). While a court must accept as true the factual allegations of the complaint, it is not so bound regarding legal conclusions, particularly when couched as the former. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

### B. Plaintiff has sufficiently alleged a prima facie case of pregnancy discrimination under federal and state law

The parties agree that, because Plaintiff does not allege direct evidence of pregnancy discrimination, her claims are subject to the *McDonnell Douglas*[3] burden-shifting framework. (Doc. 5 PAGEID 18 (¶ 17); Doc. 7 PAGEID 30).

*McDonnell Douglas*, as subsequently modified by *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981), established a tripartite burden-shifting framework for evaluating discrimination claims in cases where a plaintiff relies on circumstantial evidence. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). First, "the plaintiff bears the initial 'not onerous' burden of establishing a prima facie case of discrimination by a preponderance of the evidence." *Id.* (quoting *Burdine*, 450 U.S. at 253). Second, if a plaintiff can establish a prima facie case, "the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Burdine*, 450 U.S. at 253 (quoting *McDonnell Douglas*, 441 U.S. at 802).

---

[2] Defendant incorrectly cites to cases that predate *Twombly* and *Iqbal* in support of dismissal.

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

Third, if the defendant articulates such a reason, the burden shifts back to the plaintiff to present evidence that the non-discriminatory reason offered by the defendant was merely a pretext for discrimination. *Id.*

A prima facie case of pregnancy discrimination is established when a plaintiff shows (1) she was pregnant; (2) she was qualified for her job; (3) she was subjected to an adverse employment decision; and (4) there is a nexus between her pregnancy and the adverse employment decision. *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000). Defendant argues that Plaintiff cannot establish the nexus element because her termination was "consistent" with the terms of the "Personal Leave" policy, which states that an employee will be returned to work "subject to prevailing business considerations" and cautioning that reinstatement "is not guaranteed." (*See* Doc. 5 (¶¶ 4–5, 12, 19–21)).[4] Defendant is wrong.

The Sixth Circuit "has repeatedly stated that the fourth element requires a plaintiff to show only that she 'was replaced by a person outside the protected class.'" *Vincent v. Brewer Co.*, 514 F.3d 489, 495 (6th Cir. 2007) (collecting cases). Plaintiff here has pled that she was replaced by a non-pregnant person while on leave and that same non-pregnant person remained her replacement after she was terminated. Thus, she

---

[4] Plaintiff references Defendant's Employee Handbook in her Complaint (*see* Doc. 1 (¶¶ 14, 15, 29, 38)) but does not attach it. Defendant attaches as Exhibit A to its motion the Handbook's cover page, disclaimer, table of contents, and sections discussing paid time off and personal leave. (Doc. 5-1).

On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted). The ability of the court to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation and citation omitted).

has sufficiently pled the nexus element and, in turn, a prima facie case of pregnancy discrimination.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss (Doc. 5).

**IT IS SO ORDERED.**

                                                      /s/ *Michael R. Barrett*
                                                      Michael R. Barrett, Judge
                                                      United States District Court